IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY STAFFORD | § | |
| v. | § | CIVIL ACTION NO. 6:14cv726 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jimmy Stafford, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the validity of his pending criminal prosecution. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Stafford is currently awaiting trial in cause no. 6:14cr13, a criminal prosecution pending in the Eastern District of Texas. He complains that the indictment is defective, the charges against him do not allege violations of federal law, he has not been provided with key discovery evidence, his previous conviction was not a crime of violence, and his firearms were for lawful sporting purposes.

After review of the pleadings, the magistrate judge issued a report recommending that Stafford's petition be dismissed. The magistrate judge stated that in the absence of exceptional circumstances, the regular judicial procedure should be followed in criminal cases and habeas corpus should not be granted in advance of a trial. Adequate remedies within the criminal proceeding exist for challenging the validity of the indictment and seeking discovery; thus, Stafford has not shown that exceptional circumstances justifying the use of a pre-trial habeas petition to short-circuit the normal judicial process.

In his objections to the report, Stafford asserts that criminal proceeding remedies need not be exhausted before pre-trial relief under §2241 may be sought, citing *U.S. ex rel. Scranton v. New York*, 532 F.2d 292 (2nd Cir. 1976). That case held that a defendant under a state indictment for murder was "in custody" for purposes of federal habeas corpus where she was free on parole or on her own recognizance, but that the principles of federalism prevented the federal courts from affording habeas corpus relief where state remedies had not been exhausted. This decision is clearly distinguishable from the present case, in which Stafford seeks to use federal habeas corpus to short-circuit a pending federal criminal proceeding.

Next, Stafford argues that §2241 does not contain a requirement of exhaustion of administrative remedies, and whether to require such exhaustion is at the discretion of the court. The magistrate judge's report did not concern exhaustion of administrative remedies, but rather the fact that a pre-trial habeas corpus petition cannot serve to litigate his defenses in advance of his criminal trial. *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918); *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) (while habeas corpus is an appropriate remedy for one held in violation of the Constitution, the district court should withhold relief where an adequate remedy available in the criminal proceeding has not been exhausted).

Stafford argues that "in view of a violation of the Constitution or laws of the United States, under 28 U.S.C. §2241(c)(3), an order for a writ of habeas corpus must be extended to a federal prisoner regardless of exhaustion of remedies," *citing Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1975). This case affirmed the denial of a federal prisoner's habeas petition challenging a decision of the United States Board of Parole denying him eligibility for parole until his mandatory release date; the discussion of available remedies revolves around the Administrative Procedures Act and its application to the Parole Board. *Brown* has no application to Stafford's case.

Stafford goes on to contend that he has shown "exceptional circumstances" because he cannot ascertain what statute he is accused of violating and he has not received effective assistance of counsel. He asserts that counsel has failed to investigate the charges or defenses and has told him

that if Stafford does not take a plea deal, his mother would be charged with "misprision of a felon." Stafford also raises a claim of "cumulative error." None of these circumstances provide any basis for allowing Stafford to short-circuit the normal course of judicial proceedings by litigating his defenses to a criminal prosecution through a pre-trial habeas corpus petition. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the report of the magistrate judge, and the petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the report of the magistrate judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Jimmy Stafford is hereby **DENIED** a certificate of appealability *sua sponte*. The dismissal of this petition and the denial of a certificate of appealability are without prejudice to Stafford's right to pursue any remedies he may have within his criminal case as well as any post-conviction remedies he may have in the event of a conviction. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 17th day of February, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE